UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| THOMAS EDMOND, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | No. 3:09 CV 045 |
| v. | ) |  |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Thomas Edmond, a *pro se* prisoner, filed this habeas corpus petition presenting three grounds to challenge the prison disciplinary hearing, ISP 08-04-349, which resulted in his losing 60 days earned credit time. The Indiana State Prison Disciplinary Hearing Body (DHB) found him guilty of being under the influence in violation of B-231 on May 5, 2008. (DE # 1.)

**I.    GROUND ONE - IMPARTIAL DECISION MAKERS / FAIR HEARING**

In ground one, Edmond raises two distinct issues. Though he alleges that the DHB was not impartial because they found him guilty on less than some evidence, these are really two different claims: (1) the impartiality of the decision maker and (2) whether there was some evidence that he committed this offense.

"Adjudicators are entitled to a presumption of honesty and integrity and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of

prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999).

> To guard against arbitrary decision making, the impartiality requirement mandates disqualification of a decision maker who is directly or substantially involved in the incident underlying a prison disciplinary hearing, but it does not require disqualification of a decision maker who is only "tangentially involved."

*Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000).

Here, the only argument that Edmond presents in his attempt to demonstrate that the DHB was not impartial is that they found him guilty. Clearly that alone cannot be a basis for finding bias – if it were, then every finding of guilt would inherently have been made by a biased decision maker. Obviously that would be nonsense. That is why the real test is whether the decision maker was involved in the underlying incident giving rise to the hearing. Was the decision maker the victim, witness, or investigator of the events in question? Here, Edmond makes no allegation that any of them were. Because there is no support in this record that any of the decision makers were biased, Edmond has not demonstrated that his right to an impartial decision maker was violated.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the

2

disciplinary board." *Id.* at 457. Even a conduct report alone can provide sufficient evidence to support a finding of guilt.

> That report alone provides "some evidence" for the CAB's decision. The brevity of the report, which McPherson finds important, is not fatal because the report describes the alleged infraction in sufficient detail. There is no question that the conduct described would violate the prison rule.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*Id.* (quotations marks and citation omitted).

Here, the conduct report states,

> On 4-26-08 at approximately 10:30 am, I, Sgt. McDaniel, found the following offenders in cell A-554: Sinn 123644 (A-554), Osbourne 139320 (A-328), Castro 105348 (A-446), Campbell 922303 (A531), Spears 995098 (A-233), Padgett 995899 (A-211), Packer 932227 (A-351), Edmond 966330 (A-354), Humbles 963663 (E-E39), and Torres 944498 (ICH-419-B). All offenders were intoxicated and sent to their perspective [sic] cells to be key-locked. Humbles and Torres were sent to DCH Pre-Seg. Officers Gothard and Heavilin searched cell A-554 and found approximately 2 gallons of a homemade intoxicant. A sample was taken of the substance and tagged for evidence. All offenders can be seen exiting cell A-554 on ACH North U-4 43-3 camera.

(DE # 5-2.) The report states that Edmond was intoxicated. Edmond argues that other possibilities exist to explain why the officers mistakenly believed that he was intoxicated when he was not. Nevertheless, the report provides some evidence that he was under the influence. That is all due process requires in a case involving prison discipline. *See Superintendent v. Hill*, 472 U.S. 445, 456-57 (1985) (disciplinary action

3

supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action).

## II. DENIAL OF WRITTEN FINDINGS

Edmond argues that the DHB did not provide him with a written statement as to the evidence relied on as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974).

> Due process requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions. Written statements ensure both administrative accountability and meaningful review. The written statement requirement, however, is not onerous. The statement need only illuminate the evidentiary basis and reasoning behind the decision.
> We have repeatedly upheld the sufficiency of written statements that indicate only what evidence was relied on to make the decision, and why.

*Scruggs v. Jordan*, 485 F.3d. 934, 941 (7th Cir. 2007) (quotation marks and citations omitted). Here, the DHB wrote:

> Conduct report is clear & concise. Three staff member said that offender smelled of alcohol. Due to the number of offender every one was sent to their cell. No test was done. Offenders did not request the video to show anything. Evid card had Off. Sinn name, because everything was in his cell. We believe offender was drinking. Therefore we find him guilty.

(DE # 5-11.) In addition, the DHB indicated that they relied on staff reports, statement of offender, evidence from witnesses; and physical evidence in the form of an evidence card, photo, and test results. This written explanation was sufficient to provide Edmond the due process protection of knowing why the DHB found him guilty.

4

## III. FAILURE TO ADMINISTER ALCOHOL TEST

Edmond states that he was not given an alcohol test to determine whether he had been drinking. Though true, there is no such requirement in a prison disciplinary hearing. *Cf. Freitas v. Auger*, 837 F.2d 806, 812 n.13 (8th Cir. 1988) ("He intimates that he should be allowed to take a polygraph examination which addresses the question of whether he participated in planning or furthering an escape. We hold that Freitas was not entitled to a polygraph examination on this issue.")

> *Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the courts of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners. Indiana has played by the rules articulated in *Wolff*.

*White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). So too here. The only requirement relevant to this argument is that there be some evidence to support the finding of guilt. As previously explained, there is some evidence in this case.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "[O]ne cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison." *Wolff* at 560. "Prison disciplinary proceedings . . . take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff* at 561.

> [T]he proceedings to ascertain and sanction misconduct themselves play a major role in furthering the institutional goal of modifying the behavior and value systems of prison inmates sufficiently to permit them to live within the law when they are released. Inevitably there is a great range of personality and character among those who have transgressed the criminal law. Some are more amenable to suggestion and persuasion than others. Some may be incorrigible and would merely disrupt and exploit the disciplinary process for their own ends. With some, rehabilitation may be best achieved by simulating procedures of a free society to the maximum possible extent; but with others, it may be essential that discipline be swift and sure. In any event, it is argued, there would be great unwisdom in encasing the disciplinary procedures in an inflexible constitutional straitjacket that would necessarily call for adversary proceedings typical of the criminal trial, very likely raise the level of confrontation between staff and inmate, and make more difficult the utilization of the disciplinary process as a tool to advance the rehabilitative goals of the institution. This consideration, along with the necessity to maintain an acceptable level of personal security in the institution, must be taken into account . . ..

*Wolff v. McDonnell*, 418 U.S. 539, 562-563 (1974) (footnote omitted).

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus (DE # 1) is **DENIED**.

             **SO ORDERED.**

Date: February 15, 2011

            s/James T. Moody
           JUDGE JAMES T. MOODY
           UNITED STATES DISTRICT COURT